[Civ. No. 7798. First Appellate District, Division Two.—September 21, 1931.]

HUGH A. BOYLE, Respondent, v. MRS. OLIN STEWART, Appellant.

Bronson, Bronson & Slaven for Appellant.

William H. Hollander for Respondent.

STURTEVANT, J.—The trial court, sitting without a jury, rendered a judgment in favor of the plaintiff, awarding him damages for injuries suffered in an automobile collision. The defendant appealed from the judgment.

The accident occurred at about 8 P. M. in the evening on September 5, 1929, on San Pablo Avenue, at a point a few feet south of Dartmouth Avenue safety station. The defendant was driving south and the plaintiff, a police officer,

was going in the same direction, riding on a motorcycle. It was the theory of the plaintiff that the defendant was guilty of negligence because, at the time of the accident and for a distance of three thousand feet back from the place of the accident the plaintiff was blowing his siren; that the defendant heard it for as much as twelve seconds before the impact, but she did not drive her car to the right-hand side of the road and stop until the emergency vehicle had passed (sec. 133, California Vehicle Act). There was evidence to sustain that theory and the defendant does not seriously contend to the contrary.

However, the defendant vigorously asserts that the plaintiff was guilty of contributory negligence because he did not exercise more care than he did. He was driving sixty miles per hour. The defendant was driving about twenty-five miles per hour. There was considerable traffic on San Pablo Avenue, some going north and some going south. The defendant was driving in or near the middle of the road shortly before the plaintiff approached from the rear. At the same time another automobile was traveling in the same direction as the defendant, but on her right. As the plaintiff continued to approach he saw the automobile swerve slightly to the right and the plaintiff assumed that the defendant was in the act of making a left-hand turn into Dartmouth Avenue and in the same instant he attempted to pass on the defendant's right. As he was doing so the defendant continued the course to her right and the plaintiff collided with the right-hand side of her car. He had been bottled-up between those two automobiles. At this time, when it is all over and there is a full opportunity to cogitate on dangers or absence of dangers, the defendant makes a forcible argument that the plaintiff did not take the safest path. The plaintiff replies that under the circumstances of such sudden and terrifying peril produced by another the injured person is not held to the same strict accountability as in positions more favorable for the exercise of deliberate and accurate judgment. (*Scott* v. *San Bernardino*, 152 Cal. 604, 612 [93 Pac. 677]; *Courvoisier* v. *Burger*, 61 Cal. App. 470, 477 [215 Pac. 93].) Moreover, all of these matters were to be weighed and considered by the trier of the facts, the court sitting without a jury. At this time we can see that there was an

instant when in the mind of the plaintiff it transpired that he had misjudged the intentions of the defendant. But this court is not able to say when that instant was or to say that at that instant it was still possible for and that it was the duty of the plaintiff to alter his course or change his speed. It follows that the trial court did not err in holding that the plaintiff was not guilty of contributory negligence.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.